ALFRED COOKSON *vs.* JOHN PARKER, and Logs.

Somerset.    Opinion January 9, 1900.

*Attachment. Logs. Return. De Facto Town. R. S., c. 3, § 73, c. 81, § 26.*

A lien on logs acquired by attachment will be lost if the attaching officer fails to file a copy of his return thereof in the office of the clerk of the proper town as required by the statute.

The requirement of § 26, c. 81, R. S., that an officer who cannot immediately remove bulky personal property attached by him, may keep his attachment good by filing a copy of his return on the writ in the office of the town or incorporated place where the property is attached, is complied with by filing such copy in the office of the clerk of an acting de facto plantation in which the property is situated; and the officer is neither required nor allowed to enter upon an investigation to ascertain whether or not some technical irregularity may be found in the proceedings taken for organizing such plantation affecting its corporate existence. The apparent existence of the plantation, should be regarded by the officer as the real.

ON REPORT.

This was an action of assumpsit brought to enforce the plaintiff's lien claim for his personal labor upon logs and amounting to twenty-eight dollars. The defendant, Parker, was defaulted and the owner of the logs, the Southard Manufacturing Company, after notice by publication had been proved, appeared and made defense as follows:

"The Southard Manufacturing Company, a corporation organized

under the laws of the State of Maine, comes and defends when etc. where etc. and for plea says, that said corporation is the sole owner of the logs and lumber described in the said plaintiff's writ, and that said plaintiff has not now, and never had, any lien on said logs and lumber; and further says that if said plaintiff ever had any lien on said logs and lumber, that he has lost said lien by attaching on said writ other logs and lumber than that upon which said plaintiff labored and not intermingled with the same; and that said plaintiff has lost said lien, (if any he had) because the officer who made said attachment did not take and retain possession of said logs and lumber nor legally record said attachment."

The officer's return on the writ shows that he filed a copy of it in the office of the clerk of the town of Athens; and the defendant log owner, under the last clause of its brief statement, claimed upon the evidence in the case that the officer's return should have been filed in the office of the clerk of the plantation of Brighton, where the logs were found. The defendant also interposed various other defenses.

*H. Hudson,* for plaintiff.

As the act incorporating the town of Brighton was repealed, it became an unorganized place. Athens is the oldest adjoining town to Brighton, as the evidence in the case shows. Unless Brighton has been legally organized as a plantation, then Athens is the place in which to file the certificate. Brighton has never been legally organized as a plantation. The record evidence introduced shows that an attempt was made to organize a plantation under sections 72, 73 and 74 of chapter 3 of the Revised Statutes. The organization of the plantation is fatally defective. First, because the clerk and assessors did not transmit to the secretary of state, to be by him recorded, a certified copy of all proceedings had in effecting the organization, including the petition, if any, the warrant issued therefor and the return thereof, and the record of the meeting held in pursuance thereof, and a written description of the limits of the plantation. Section 74 prescribes that such return shall be made. If it is not made, then there is no legally organized plantation. There is nothing in the records in this case to show

that the clerk and assessors transmitted to the secretary of state any copy at all of the proceedings. In *Plantation No. 9* v. *Bean* 40 Maine, 218, the court have said : "Without such a return to the office of the secretary of state the organization is defective and of no validity." The court have in effect said the same thing in *State* v. *Woodbury*, 76 Maine, 458. Second, section 73 provides that a moderator shall be chosen by ballot by the voters present, to preside at such meeting, and the person to whom the warrant was directed shall preside until such moderator is chosen and by such person sworn. The record introduced in this case shows that the warrant was directed to H. L. Wyman. The record of the meeting upon page 41 shows that G. C. Davenport was chosen moderator and that he was sworn by the clerk. The record further shows that L. H. Hayden was elected plantation clerk. The record shows that the moderator was sworn by L. H. Hayden and not by H. L. Wyman, as required by the statute. As the moderator was not sworn by the person required by statute to swear him, it is the same as though no oath had ever been administered. The administering of the oath by the person not authorized to administer the same, is the same as though no oath had been administered. The statute requires that the moderator must be sworn. He was not sworn, and he was therefore acting in violation of the statute authorizing the organization of a plantation. In the organization of plantations the court have held that the statute requirements must be complied with.

*Jos. F. Holman; S. J. and L. L. Walton*, for log owner.

We say the plaintiff should have no judgment against logs, for four distinct reasons:—1st. The writ is defective. It does not fix the value of the logs which the officer is required to attach. "To the value of one hundred dollars," should have been inserted after the logs and lumber had been specified, instead of simply after the defendant's name. The command in the writ was to attach all the poplar, spruce, pine, hemlock and cedar logs piled on the bank or in the stream. The officer was not limited as to amount. No value or amount is specified.

2nd. The lien proved is not that set out in the writ. The lien declared upon is for cutting. The plaintiff testified that the labor performed was partly cutting and partly loading and shoveling snow.

3rd. There is no evidence that any of the logs are those upon which plaintiff labored. It clearly appears that some of the logs attached were those upon which he had no lien. They were from other lots and piled in distinct and separate piles from the Parker logs.

4th. The attachment was lost, if any there had been, by the failure to file the certificate in the proper place. The return should have been made to the clerk of Brighton, not to that of Athens, the oldest adjoining town, as Brighton is not an unorganized plantation.

The officer's return of his attachment should have been made to the clerk's office in Brighton. *Parker* v. *Williams,* 77 Maine, 418.

Does plaintiff claim that Brighton is not an organized plantation : that there were defects or omissions in the proceedings for its organization? Does not the court take judicial cognizance of the organization of plantations as well as towns?

In any event, it has the right to examine the papers on file in the office of the Secretary of State, in the same manner as the U. S. Supreme Court resorted to the archives and public record-books of the United States to inform themselves of the particular facts material to be known, to the proper understanding of a cause before it, (*Romero* v. *United States,* 1 Wall. 721,) Nelson, J., in *United States* v. *Teschmaker,* 22 How. 405, cited with approval in 1 Greenl. Ev. p. 11, (Redfield's Edition.)

But it is not necessary for us, in this proceeding, to show that all the requirements of law were complied with in the organization of the defunct town of Brighton into a plantation.

It had a clerk de facto, which was sufficient to have justified the officer in making his return to him; it would justify any person in regarding his acts as those of the clerk of a duly organized plantation, and to look to his records for those matters there to be recorded. *Woodside* v. *Wagg,* 71 Maine, 207; *Brown* v. *Lunt,* 37

Maine, 423; *Johnson* v. *McGinly*, 76 Maine, 432; *Petersilia* v. *Stone*, 119 Mass. 465; *Attorney General* v. *Crocker*, 138 Mass. 214; *State* v. *Carroll*, 38 Conn. 449–467.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

PETERS, C. J.     Several objections are urged by the defense against the maintenance of this action, only one of which need be considered.

The action seeks to obtain a lien judgment against certain logs in favor of a laborer who worked upon them. The logs when attached were on a township which for many years until recently comprised the town of Brighton, in Somerset county, but which, as the plaintiff contends, was at the date of the attachment merely an unincorporated place, while the defense contends it was at that time an incorporated plantation. The officer did not retain possession of the logs, but made a return of his attachment to the clerk of the town of Athens as the oldest adjoining town in the county. And such was the statute requirement if Brighton was at the time merely an unincorporated place and not a plantation. R. S., ch. 81, § 26.

It seems that in March, 1895, the legislature, on the petition of its inhabitants, allowed the town to surrender its town charter and organize themselves as a plantation. This the inhabitants immediately undertook to do, the vote showing that the voters were a unit on the question. In April, 1895, a meeting was duly called at which the new organization was effected, in pursuance of which a full board of plantation officers was chosen, and appropriations made for all plantation purposes. Since then the plantation has held its regular annual meeting in the spring of the year, and in the fall, as public returns show, has voted in all federal, state, congressional and county elections. The plantation appears to have been recognized as such in all affairs incident to such an incorporation. The plaintiff contends, however, that the proceedings attendant upon the formation of the plantation are defective in two

particulars. One defect is that no return of the proceedings of incorporation was ever made to the Secretary of State as by statute required. It seems that such a return was in fact made on April 18, 1895, and an official certificate of the fact was produced before us at the argument but was not in evidence at the trial when the case was reported. This objection could easily be obviated, if necessary, by allowing the certified proceedings to be made a part of the case by amendment. The other alleged defect is that the moderator of the first meeting of the inhabitants, called together to organize the plantation, was sworn by a justice of the peace instead of by the person who presided at the meeting when the moderator was chosen, the latter course being prescribed by R. S., ch. 3, § 73.

But the substance of the statute requirement was preserved if the form was not, the result being only an irregularity perhaps. In proving the organization of municipal corporations the presumption of regularity and completeness is not without much weight. *Prentiss* v. *Davis*, 83 Maine, 364. Mr. Dillon says the existence of a municipality may sometimes be presumed. Dill. Mun. Corp. § 39. At all events, this plantation was surely a municipality in fact, a de facto corporation, and this rendered it unnecessary and even improper for the officer to question the apparent fact, and to take upon himself the responsibility of investigating and deciding the question. It could not possibly be pretended that an officer would be under obligation to do so. He would be justified in regarding the appearances of the thing as the thing itself. "So things seem right, no matter what they are," is a sentiment applicable here.

The plaintiff may have judgment against the person, but not against the property.

*Judgment accordingly.*